UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY WARD,

      Plaintiff,

                                    Civil Case No. 18-12477

v.                                  Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

      Defendant.
_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S
AUGUST 13, 2019 REPORT AND RECOMMENDATION [ECF NO. 16]; (2)
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF
NO. 12]; (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT [ECF NO. 15]; AND (4) AFFIRMING DEFENDANT'S
DECISION**

Plaintiff filed this lawsuit on August 9, 2018, challenging Defendant's final

decision denying her application for benefits under the Social Security Act.  The

matter was referred to Magistrate Judge Stephanie Dawkins Davis the following

day for all pretrial proceedings, including a hearing and determination of all non-

dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and

recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C.

§ 636(b)(1)(B).  (ECF No. 2.)  The parties subsequently filed cross-motions for summary judgment.  (ECF Nos. 12, 15.)

On August 13, 2019, Magistrate Judge Davis issued an R&R in which she recommends that this Court deny Plaintiff's motion, grant Defendant's motion, and affirm Defendant's decision finding Plaintiff not disabled under the Social Security Act.  (ECF No. 16.)  Magistrate Judge Davis finds substantial evidence in the record to support the administrative law judge's conclusion that Plaintiff can perform a limited range of light work.  In reaching this conclusion, Magistrate Judge Davis rejects Plaintiff's argument that the ALJ erred in assessing her subjective complaints of pain and her reason for her failure to obtain aggressive treatment.  Magistrate Judge Davis further rejects Plaintiff's argument that the ALJ erred in considering the evaluation of the state agency examining consultant, Dr. Gretchen Anderson.

At the conclusion of the R&R, Magistrate Judge Davis advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them.  She further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal."  Plaintiff filed objections to the R&R on August 27, 2019.  (ECF No. 17.)

## Standard of Review

Under 42 U.S.C. § 405(g), a claimant may file a civil action seeking review of a final decision of the Commissioner of Social Security. The court may thereafter enter a judgment affirming, modifying, or reversing the Commissioner's decision, with or without remanding the matter for a hearing. 42 U.S.C. § 405(g). The court must affirm the Commissioner's decision if "supported by substantial evidence" and made pursuant to "proper legal standards." *Cutlip v. Sec. of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also* 42 U.S.C. § 405(g).

"Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Perales*, 402 U.S. at 401). The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion. *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Kechler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. *Studaway v. Sec. of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report

or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## The ALJ's Decision and the R&R

An ALJ considering a disability claim is required to follow a five-step sequential process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). The five-step process is as follows:

1.     At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).

2.     At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).

3.     At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment

4

meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors. *Id*.

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity ("RFC") and past relevant work to determine whether the claimant can perform his or her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv).

5. At the fifth step, the ALJ considers the claimant's RFC, age, education, and past work experience to see if he can do other work. 20 C.F.R. § 404.1420(a)(4)(v). If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled. *Id*.

If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ makes his or her decision and does not proceed further. *Id*. However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id*. "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec. of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At the first step, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since October 7, 2009. (A.R. at 16, ECF No. 7-2 at Pg ID 48.) The ALJ found at step two that Plaintiff had the severe impairment of obesity from the alleged onset date through the date last insured of September 30,

2012; and the following severe impairments since her February 26, 2016

application for supplemental security income: degenerative disc disease of the

thoracic and lumbar spine; grade I spondylolisthesis at L5-S1; vacuum disc

phenomenon at L5-S1; migraine headaches; and dysthymic disorder. (*Id.*) The

ALJ next analyzed whether Plaintiff's impairments meet any of the listed

impairments and determined they do not. (*Id*. at 16-17, Pg ID 48-49.)

At step four, the ALJ determined that Plaintiff had the residual functional

capacity ("RFC") to perform light work[1] with the following limitations:

> should avoid crawling, operating foot controls, or climb [sic] ladders,
> ropes and scaffolds. She is capable of occasionally stooping,
> crouching, kneeling, and climbing ramps and stairs. Furthermore, the
> claimant can engage in balancing 50% of the workday. The claimant
> should also avoid exposure to hazardous machinery or unprotected

---

[1] The Social Security Regulations define "light work" as follows:

> Light work involves lifting no more than 20 pounds at a time with
> frequent lifting or carrying of objects weighing up to 10 pounds. Even
> though the weight lifted may be very little, a job is in this category
> when it requires a good deal of walking or standing, or when it
> involves sitting most of the time with some pushing and pulling of
> arm or leg controls. To be considered capable of performing a full or
> wide range of light work, you must have the ability to do substantially
> all of these activities. If someone can do light work, we determine that
> he or she can also do sedentary work, unless there are additional
> limiting factors such as loss of fine dexterity or inability to sit for long
> periods of time.

20 C.F.R. § 416.967.

heights.  Lastly, the claimant's work is limited to simple, routine tasks
with simple work-related decisions.

(*Id*. at 17-18, Pg ID 49-50.)  In reaching this conclusion, the ALJ found that

Plaintiff's statements concerning the intensity, persistence and limited effects of

her symptoms are not entirely consistent with medical evidence.  (*Id*.)

The ALJ then determined that Plaintiff is not capable of performing her past

relevant work as a cosmetics salesperson and waitress.  (*Id*. at 24, Pg ID 56.)  The

ALJ concluded, however, that there are a significant number of jobs in the national

economy that Plaintiff can perform considering her age, education, work

experience, and RFC.  (*Id*. at 25-26, Pg ID 57-58.)  Specifically, relying on the

vocational expert's testimony, the ALJ identified the following jobs: assembler,

inspector, and packager.  (*Id*.)  The ALJ therefore found Plaintiff not disabled as

defined by the Social Security Act.  (*Id*. at 26, Pg ID 58.)

As indicated, in her R&R, Magistrate Judge Davis finds no error in the

ALJ's decision and substantial evidence to support it.  (*See* ECF No. 16.)

### **Plaintiff's Objections and Analysis**

Plaintiff lists two objections to Magistrate Judge Davis' R&R:

1) The Magistrate erred when she found th[e] ALJ's decision
supported by substantial evidence.

2) The Magistrate erred when she supported the ALJ's determination
regarding Plaintiff's persistent efforts to obtain pain relief.

(ECF No. 17.)  In support of these objections, Plaintiff restates the same arguments presented to Magistrate Judge Davis.  In fact, Plaintiff has simply cut and pasted the arguments from her summary judgment motion into her objections.

To properly object to a magistrate judge's report and recommendation, the objecting party must do more than simply restate the arguments from his or her summary judgment motion.  *See, e.g., Senneff v. Colvin*, No. 15-13667, 2017 WL 710651, *2 (E.D. Mich. Feb. 23, 2017) (citing cases); *see also VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004); E.D. Mich. LR 72.1(d)(1) (providing that objections to a magistrate judge's decision must "specify the part of the order, proposed findings, recommendations, or report to which a person objects" and "state the basis for the objection.").  A district judge is not obligated to address objections merely reciting the identical arguments made before the magistrate judge because they fail to identify the specific errors in the magistrate judge's proposed recommendations.  *Senneff*, 2017 WL 710651, at *2; *Wolte-Rotondo v. Comm'r of Soc. Sec.*, No. 15-13093, 2016 WL 4087232, at *1 (E.D. Mich. Aug. 2, 2016) ("The Court is not obligated to address objections that merely rehash prior arguments and fail to specifically identify errors in the report and recommendation.").

The Court therefore rejects Plaintiff's objections to Magistrate Judge Davis' August 13, 2019 R&R and adopts Magistrate Judge Davis' recommendations for the well-stated reasons therein.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 12) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 15) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's decision denying Plaintiff's application for benefits under the Social Security Act is **AFFIRMED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 13, 2019